■ In the Matter of JOSETTA JULYE, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to, *inter alia,* review a determination of the respondent Commissioner of the New York State Department of Social Services, dated July 17, 1980 and made after a fair hearing, which confirmed the determination of the local agency denying a shelter allowance to petitioner. Petition granted, on the law, without costs or disbursements, to the extent that the determination is annulled, and the matter is remitted to the respondent State commissioner for a new fair hearing. The determination after the fair hearing held on June 13, 1980 confirmed the determination of the local agency dated April 17, 1980, denying a shelter allowance with respect to arrears and current payments on the mortgage on petitioner's one-family home. The State commissioner's determination made reference to the fact that when petitioner was granted public assistance in

November, 1978 said grant did not include a shelter allowance, although petitioner was then six months in arrears in her mortgage payments. It concluded that since petitioner did not appeal from the 1978 decision she could not contest that determination at the 1980 hearing. However, Ms. Scacco, the sole person testifying on behalf of the local agency at the fair hearing, did not produce the agency file as to the 1978 determination and she had no personal knowledge thereof. Instead, she produced a summary prepared for the current fair hearing, which in no way explained why a shelter allowance had not been originally granted. In March, 1980 petitioner, while still receiving public assistance, applied specifically for a shelter allowance and at the request of the local agency she submitted a plan whereby the gap (which she believed was $164) between the monthly mortgage payment and the maximum permitted shelter allowance could be filled. This included, *inter alia*, a sworn statement by her son and daughter-in-law, both of whom were employed but not living with her, that they would provide the necessary $164 sum each month to close the gap. On April 17, 1980, an agency official wrote to petitioner advising her that the agency could not approve payment of the arrears, and that as to current payments, petitioner had not presented a viable plan to meet the $138 "difference between our rent schedule, ($176.00) and your actual payment of $314.00 [which] is too great to be met by you". The letter did not indicate in what manner the plan submitted by petitioner was deficient. Ms. Scacco testified at the fair hearing that one Joseph Barry, the director of certifications, was the agency official who made the determination to deny petitioner's 1980 request for a shelter allowance, and that "no arrangements were made for Mr. Barry to be here to testify." She further testified that she had no independent personal knowledge of the case and when asked in what manner the agreement of petitioner's son and daughter-in-law to make up the difference in the current monthly sums due to the mortgagee was inadequate, she stated that she did not know. Upon being asked how the $30,000 evaluation of the house (as stated in the agency's papers) had been determined, whether the house had been inspected or whether real estate brokers had been contacted, Ms. Scacco stated that she did not know, but that the entire record had been reviewed by Mr. Barry. Asked whether she had discussed the record with Mr. Barry, she answered that she had not. Under the circumstances here present, the hearing was seriously deficient. Neither the testimony of witnesses nor documentary evidence was submitted to explain why the ancillary request for shelter allowance (if indeed it had been specifically requested) was denied in 1978, or to show that petitioner was advised of her right to appeal from such denial despite the fact that petitioner was found eligible for other forms of public assistance. Similarly, neither the agency official who made the 1980 decision nor anyone who had personal knowledge of the application for a shelter allowance appeared at the fair hearing to explain, *inter alia,* in what manner the petitioner's plan was defective, and to submit to cross-examination with respect thereto. (See *Goldberg v Kelly,* 397 US 254, 270.) Weinstein, J. P., Thompson, Bracken and Brown, JJ., concur.